IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHHNY M. RUFFIN, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **03-210-DRH** |
| ) | |
| **WINNEBAGO COUNTY JAIL, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's pro se motion for change of venue from the Southern District of Illinois to the Central District of Illinois. **(Doc. 20).** Plaintiff argues that since the majority of defendants work for the Illinois Department of Corrections, which is headquartered in Springfield, Illinois, in the Central District of Illinois, venue would be more convenient there.

In accordance with 28 U.S.C. § 1391:

> **(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**28 U.S.C. § 1391(b).**

A review of the record reveals that vast majority of the events at issue in the remaining counts in this case occurred at Pinckneyville Correctional Center and Menard Correctional Center, both of which are in the Southern District of Illinois. Policy issues made by the Illinois

1

Department of Corrections may have been made in Springfield Illinois but, according to the pleadings, they were carried out in the Southern District of Illinois. In addition, it appears that most, but not all defendants reside in the Southern District of Illinois[1]. At this juncture, the Court is certain that venue is appropriate in the Southern District of Illinois under Section 1391(b)(2). Venua also appears appropriate in the Southern District of Illinois under Section 1391(b)(1), although the Central District of Illinois may also be appropriate if all defendants reside in Illinois and any one of them resides int eh Central District. There is no cause to believe Section 1391(b)(3) is applicable.

For the convenience of the parties and witnesses, a change of venue may be granted to any district where the case might have been brought. **28 U.S.C. § 1404(a).** However, in this situation it appears to this Court that a transfer to the Central District of Illinois would be a far greater inconvenience to the parties and witnesses, even if a few of the policy-making defendants reside in the Central District, which is unclear.

**IT IS THEREFORE ORDERED** that plaintiff's motion for change of venue **(Doc. 20)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 8, 2005**

                                                 **s/ Clifford J. Proud**
                                                 **CLIFFORD J. PROUD**
                                                 **U. S. MAGISTRATE JUDGE**

---

[1]There is insufficient documentation to confirm with absolute certainty that all defendants reside in Illinois, but it appears that that is the case.