IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY M. RUFFIN, JR., Inmate )
#K80541, )
 )
      Plaintiff, )
 ) CIVIL NO. 03-210-DRH
vs. )
 )
WINNEBAGO COUNTY JAIL, *et al.*, )
 )
      Defendants.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

      This action is before the Court to rule on Plaintiff's motion to reconsider the Court's order reviewing his case pursuant to 28 U.S.C. § 1915A (Doc. 24). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

      Plaintiff nominally states that he is bringing his motion under Rule 59, but according to the Court's docket, the Court's order was entered in this action on August 2, 2005, and the Plaintiff certifies that he did not put the instant motion into the Pinckneyville Correctional Center's

institutional mail system until August 24, 2005, 12 days after the expiration of the 10-day period. *See* FED.R.CIV.P. 59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff disagrees with the Court's dismissal of his claims regarding access to a medical specialist and of racial discrimination.  These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal.  Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 24) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**September 6, 2005.

/s/    David RHerndon
**DISTRICT JUDGE**