510-1056                          RPV/TPR                          #6191112

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY RUFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No. 03 CV 210 |
| | ) |
| DR. FEINERMAN et al. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS DRS. ALFRED GARCIA, ADRIAN FEINERMAN AND STEPHEN DOUGHTY'S MOTION FOR SUMMARY JUDGMENT

Defendants DRS. ADRIAN FEINERMAN, ALFRED GARCIA and STEPHEN DOUGHTY, (the "Medical Defendants") through their attorneys, ROBERT P. VOGT and WELDON-LINNE & VOGT, and pursuant to F.R.C.P. 56, move for summary judgment in their favor and against plaintiff Johnny Ruffin. In addition to this motion, the Medical Defendants have submitted a Rule 56 Statement of Uncontested Material Facts as well as a memorandum of law in support of their motion for summary judgment. In further support thereof, the Medical Defendants state as follows:

1. Plaintiff Johnny Ruffin, an inmate with the Illinois Department of Corrections, was found guilty of second degree murder and two counts of aggravated battery with a firearm. Plaintiff's 2nd Dep., pgs. 15-16. The plaintiff was sentenced to 69 years. Plaintiff's 2nd Dep., pgs. 15. The plaintiff is currently being housed at the Pinckneyville Correctional Center.

2. Defendants Drs. Garcia, Feinerman and Doughty are licensed medical doctors who provided care and treatment to the plaintiff at various times during the plaintiff's incarceration at the Pinckneyville Correctional Center and the Menard Correctional Center.

3. As to Dr. Garcia, the plaintiff asserts that Dr. Garcia violated the plaintiff's constitutional rights while the plaintiff was incarcerated at Pinckneyville from April 7, 2000 through February 6, 2001. The plaintiff claims that Dr. Garcia was deliberately indifferent by: (1) failing to send the plaintiff off-site to receive physical therapy during a four month period when no physical therapist was employed at Pinckneyville; (2) failing to provide the plaintiff with Baclofen from April 7, 2000 to April 25, 2000; (3) failing to follow-up and/or ensure that the plaintiff received a new hand brace; and; (4) failing to provide the plaintiff with Baclofen from October 16, 2000 to November 10, 2000.

4. Regarding Drs. Feinerman and Doughty, the plaintiff asserts they were deliberately indifferent to his serious medical needs while he was incarcerated at Menard in its segregation unit. The plaintiff was housed in the segregation unit from February 6, 2001 to December 6, 2002. The plaintiff alleges that Drs. Feinerman and Doughty were deliberately indifferent by: (1) failing to send him off-site to receive physical therapy; and (2) failing to order that the plaintiff the be provided with an eggcrate mattress while he was incarcerated at Menard.

5. The undisputed facts of this case, however, reveal that no deliberate indifference was displayed by Drs. Garcia, Feinerman and Doughty and that each of these defendants is entitled to summary judgment.

6. The evidence in this case shows that while the plaintiff was incarcerated at Pinckneyville between April 7, 2000 and February 6, 2001, a period of ten (10) months, the plaintiff was examined and treated by Dr. Garcia on nine (9) separate occasions. <u>Garcia Aff.</u>,

pars. 3-39; Plaintiff's IDOC Medical Records, pgs. 314-330. It is undisputed that when he arrived at Pinckneyville, there was no physical therapist on staff. However, by August 2000, a physical therapist was hired and the plaintiff began receiving physical therapy. Garcia Aff., par. 35; Plaintiff's IDOC Medical Records, pg. 322. It is undisputed that after a physical therapist was hired, the plaintiff received physical therapy from August 2000 through January 2001. In January, 2001, the plaintiff was transferred to Pinckneyville's segregation unit after being found guilty of making a knife shank using the metal from his leg brace. Plaintiff's 2nd Dep., pgs. 39-40.

7.      It is also undisputed that when the plaintiff was transferred to Pinckneyville, Baclofen was not listed as one of the plaintiff's acute short term medications or chronic long term medications. Plaintiff's IDOC Medical Records, pg. 312. Because Baclofen was not listed as one of the plaintiff's medications, Dr. Garcia did not initially order it. Nonetheless, Dr. Garcia prescribed several medications to the plaintiff throughout his stay and Pinckneyville including Tylenol, Motrin, Metamucil, Bactrim, Benedryl and Trimcinalone and Baclofen. Garcia Aff., pars. 4, 7.

8.      Dr. Garcia also ordered multiple x-rays including an x-ray of the plaintiff's neck. This x-ray showed that the plaintiff was having difficulty swallowing because of a bullet lodged close to the plaintiff's esophagus. Garcia Aff., par. 8. In light to the x-ray results, Dr. Garcia arranged to have the bullet surgically removed but the plaintiff declined. Garcia Aff., par. 18; Plaintiff's IDOC Medical Records, pg. 325. Dr. Garcia also had the plaintiff's knee x-rayed after the plaintiff complained that he hurt his knee. Garcia Aff., par. 21. Further, a shoulder x-ray was ordered after the plaintiff complained of problems extending his right shoulder. Garcia Aff., par. 24.

9. Dr. Garcia also treated the plaintiff for Conjunctivitis after he presented with bilateral red eye. Garcia Aff., par. 17. In April 2000 and August 2000, Dr. Garcia ordered the plaintiff assessed by the prosthesis specialist. Garcia Aff., pars. 6, 14. The plaintiff subsequently received a hand brace in September, 2000. Plaintiff's 2nd Dep., pg. 74. The plaintiff was ultimately transferred to Menard as punishment for making a knife shank out of one of his braces. Plaintiff's IDOC Medical Records, pg. 419.

10. The undisputed evidence in this case also shows that Drs. Feinerman and Doughty examined the plaintiff a total of ten (10) times during his incarceration in the segregation unit at Menard from February 6, 2001 to December 6, 2002. Feinerman Aff., pars. 4-24; Doughty Aff., pars. 4-24.

11. During the plaintiff's stay at Menard, Menard had no physical therapist on staff. In addition, the plaintiff was never in any acute need for physical therapy. Feinerman Aff., pars. 15, 18; Doughty Aff., pars. 5, 15, 18. Moreover, in response to the plaintiff's request, on December 11, 2001, Dr. Jovita Anyanwu, the new Medical Director at Menard, independently examined the plaintiff. Plaintiff's IDOC Medical Records, pg. 389. Dr. Anyanwu assessed the plaintiff as suffereing from right hemiparesis and right lower leg spasms. However, Dr. Anyanwu specifically found that physical therapy would not be helpful for the plaintiff's ailments. Plaintiff's IDOC Medical Records, pg. 389. Dr. Anyanwu encouraged the plaintiff to do self-exercises. Plaintiff's IDOC Medical Records, pg. 389.

12. The undisputed evidence also shows that the plaintiff was prescribed multiple medications including Baclofen, Colace, Tylenol, salt-water sniffs, Doxycycline, Betadine. Feinerman Aff., par. 7; Doughty Aff., pars. 7-11. The plaintiff was allowed the use of a walker in his room and was provided with a leg brace, an ankle foot orthotic and a new Ted Hose.

Feinerman Aff., pars. 5-8; Doughty Aff., par. 10. Arrangements were also made to have the plaintiff's wheelchair repaired including the addition of a new cushion. Doughty Aff., par. 7. The unchallenged evidence also reflects that the plaintiff was continuously encouraged to do self-exercises and given handouts on those exercises. Feinerman Aff., par. 20; Doughty Aff., par. 21.

    13.    IDOC policy at Menard prohibits eggcrate mattresses because they pose a fire hazard. Feinerman Aff., par. 10; Doughty Aff., par. 13. Drs. Feinerman and Doughty were not responsible for the policy regarding eggcrate mattresses. Feinerman Aff., par. 21; Doughty Aff., par. 14. However, the Medical Defendants are obligated to follow Menard's policies. Feinerman Aff., par. 22; Doughty Aff., par. 15.

WHEREFORE, for all of the reasons set forth above, Drs. Garcia, Feinerman and Doughty pray that this Court grant their motion for summary judgment.

Respectfully Submitted,

WELDON-LINNE & VOGT

By: __/s/ Robert P. Vogt__
       Robert P. Vogt

WELDON-LINNE & VOGT
105 West Madison Street, Suite 1400
Chicago, Illinois 60602
(312) 236-5151
pldgs/Anyanwu/memo in support

510-1056                              RPV                              #6191112

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY RUFFIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. FEINERMAN and DR. DOUGHERTY, )<br>)<br>Defendants. ) | Court No. 03 CV 210 |

### CERTIFICATE OF SERVICE

I, Robert P. Vogt, certify that on **June 4, 2007**, I electronically filed **Defendants Drs. Alfred Garcia, Adrian Feinerman and Stephen Doughty's Motion for Summary Judgment,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Ellen C. Bruce**
  ebruce@atg.state.il.us jedwards@atg.state.il.us;bmyers@atg.state.il.us;jginter@atg.state.il.us
- **Julie L Morgan**
  jlmorgan@atg.state.il.us jginter@atg.state.il.us,vbell@atg.state.il.us,bmyers@atg.state.il.us

and hereby certify that on **June 4, 2007,** I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Johnny M Ruffin, Jr K80541
PNKCC
Pinckneyville Correctional Center
PO Box 999
Pinckneyville, IL 62274

                                          Respectfully Submitted,

                                          **WELDON-LINNE & VOGT**

                                          By: /s/ Robert P. Vogt
                                              Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
105 West Madison Street, 14th Floor
Chicago, Illinois 60602
(312) 236-5151