IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNNY M. RUFFIN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **03-210-DRH** |
| | ) | |
| **WINNEBAGO COUNTY JAIL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the defendants to respond to interrogatories and requests for production of documents. **(Doc. 119).** The defendants have responded, generally reiterating their initial objections to the discovery requests, and citing delays caused in their efforts to obtain record releases, and copies of the records themselves. **(Docs. 122 and 123).** Plaintiff's reply generally reiterates arguments contained in motion to compel. **(Doc. 132).** Each issue will be addressed in turn.

Plaintiff takes issue with defendants Garcia, Feinerman and Doughty's response to interrogatories 3, 8-13, 15-17. Those defendants indicated they could not initially respond to the interrogatories because plaintiff has failed to authorize the release of his IDOC records to them. Plaintiff insists he has executed a release of his medical records and master file in this case. Plaintiff otherwise objects to merely being referred to his own records. The Court finds the defendants' response to be proper and in accordance with Federal Rule of Civil Procedure 33(d). More to the point, plaintiff is in most instances attempting to get the defendants to do his "leg-work" for him, rather than paying to make copies of documents and reviewing them himself.

1

Plaintiff objects to defendant Feinerman's response to interrogatories 3, 5, 8-12 and 15-17, which direct plaintiff to Department of Corrections records. Plaintiff considers Feinerman's objections untimely. The defendants have provided a legitimate explanation for their delay in responding; therefore their tardiness will be excused. As explained above, defendants were within their right to direct plaintiff to review documentation that is either within his possession, or equally available to him.

Plaintiff takes issue with defendant Doughty's answers to interrogatories 3, 5, 8-10, 13 and 15-17, which direct plaintiff to Department of Corrections records. Doughty also characterized interrogatories 11 and 12 as vague and ambiguous. Plaintiff complains that he cannot afford to pay for copies of the records, and he contends Doughty's responses were untimely. With respect to interrogatories 11 and 12, the Court does not find them vague or ambiguous. Therefore, defendant Doughty shall respond to interrogatories 11 and 12.

Plaintiff takes issue withe the "IDOC" defendants'[1] failure to comply with request to produce 12, seeking plaintiff's master file. Plaintiff has since indicated he really only wants the documents in the master filed for the period between April 2000 and December 6, 2002; and he does not want copies of grievance reports and responses to those reports. The defendants objected that the request is overly broad and noted that the master file is deemed confidential by statute. The defendants objection that the request, as drafted, is overly broad is well taken. Plaintiff's subsequent statements requesting a narrower set of documents must be formally submitted as another request for production.

---

[1]The Court perceives that the "IDOC" defendants are: the IDOC, Guy Pierce, Donald Snyder, Karen McKinney, Christine Mitchell, Scott Wcyiskalla, Roger Cowen, Jonathan Walls, Alan Frentzel, Elisa Rea, Pam Grubman and Gary Knop. (*See* **Doc. 119-3, p. 17).**

Plaintiff takes issue withe the "IDOC" defendants' failure to comply with requests to produce 1-3, seeking photographs of Menard Correctional Center, North 2 segregation unit visiting room, North 2 segregation unit yard, and North 2 segregation unit annex building 4th floor c-wing and shower area. The defendants objected based on institutional security and safety concerns. Plaintiff argues that he needs the photographs to illustrate architectural barriers imposed upon wheelchair-bound inmates. Count 16, a Rehabilitation Act claim, remains, so the requested photographs fall within the scope of relevance. With that said, the Court appreciates the security concerns associated with allowing an inmate to possess– and potentially distribute-- photographs of various parts of the maximum security facility. Plaintiff has not indicated how he hopes to use the photographs, so the Court cannot begin to consider whether there is a way to satisfy the IDOC's security concerns. The security concerns are obvious, while plaintiff's need for the photographs is unclear. Therefore, at this juncture the defendant's objection will be sustained, although the Court will remain open to revisiting the issue.

Plaintiff challenges the "IDOC" defendants' failure to comply with requests to produce 3, 11 and 15-16, seeking copies of his medical records. Plaintiff notes that the Court has previously stated that the defendants need not finance plaintiff's litigation, but he contends that deprives him of access to the courts. Plaintiff contends the prison policy of charging for copies and stamps is fundamentally unfair. Plaintiff is indigent. He has been allowed to proceed in forma pauperis in this case. However, he has no right to have his litigation funded by the defendants or by the public. ***Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003)**. Third parties are not required to provide free services to facilitate litigation; the Court lacks authority for such cost shifting. ***Ivey v. Harney* 47 F.3d 181, 185 (7th Cir. 1995).** Similarly, there is no constitutional

"right to xerox." ***Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983).** However, indigent inmates must be provided with the basic material necessary to draft legal documents and with stamps to mail them– at state expense. ***Bounds v. Smith,* 430 U.S. 817, 824 (1977).** But, although prisoners have a right of access to the courts, they do not have a right to unlimited free postage. *See **Bach v. Coughlin,* 508 F.2d 303, 307 (7th Cir. 1974).** Prison authorities are able to make "a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations." *Id.* **at 307-308.** Therefore, the defendants' objections are well taken. Plaintiff is free to file a separate lawsuit challenging the aforementioned legal principles, but the Court does not perceive that the prison copying and postage policies are an improper impediment to the litigation of this action.

Plaintiff contends the "IDOC" defendants improperly failed to produce Institutional Directive 05.02.110 (fire plan), pursuant to (3rd) requests for production 5 and 6. Defense counsel indicates the policy has been requested, and once received it will be forwarded to plaintiff. Therefore, defendants appear to be in compliance with Federal Rule of Civil Procedure 26(e). If the directive is not forthcoming in a reasonable amount of time, plaintiff may file an additional motion to compel.

According to plaintiff, the "IDOC" defendant also failed to respond to his second set of requests for production, which he delivered to defense counsel and litigation coordinator Whitley in November, 2006. The defendants assert that the requests were never received. Plaintiff has no proof of service, as required by Federal Rule of Civil Procedure 5(d), therefore, the Court cannot compel the defendants to respond to discovery request they appear not to have received.

4

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 119)** is **GRANTED IN PART AND DENIED IN PART**.  More specifically, the motion is granted in that on or before **February 1, 2008**, defendant Doughty shall respond to interrogatories 11 and 12.

**IT IS SO ORDERED.**

**DATED: January 16, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
