IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNNY M. RUFFIN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **03-210-DRH** |
| | ) | |
| **WINNEBAGO COUNTY JAIL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are multiple motions all seeking to extend the time for plaintiff to file his responses to the defendants' three pending motions for summary judgment **(Docs. 136, 142 and 149)**. **(Docs. 148, 153-157, 160 and 164).** Plaintiff also requests leave to exceed the 20 page limit for briefs by ten pages with respect to his response to defendants Doughty, Feinerman and Gargia's motion for summary judgment **(Doc. 136)**, and to supplement the response he has filed **(Doc. 158)**. **(Docs. 161 and 163).** Because plaintiff does not make it entirely clear which of his motions pertain to which of the defendants' three motions for summary judgment, the Court will attempt to do its best to make clear what needs to be done relative to each of the pending motions for summary judgment.

At this juncture, all discovery disputes have been resolved. Two interrogatories are to be answered by February 1, 2008. Discovery has otherwise formally closed, therefore there should be no impediment to plaintiff formulating his responses to the defendants' motions for summary judgment.

As noted above, plaintiff has already filed a response to defendants Doughty, Feinerman

1

and Gargia's motion for summary judgment **(Doc. 158)**, so no further extension of time is necessary relative to that response. Insofar as plaintiff requests additional pages, the Court does not perceive a need to expand beyond the seven page response, 26 page memorandum and 30 page statement of uncontested facts already filed, which total 43 pages longer than normally permitted– not including exhibits. Therefore, the Court considers briefing relative to defendants Doughty, Feinerman and Gargia's motion for summary judgment **(Doc. 136)** to be closed, and the motion ripe for ruling.

The Court will allot plaintiff a final, brief period within which to file his responses to the "IDOC" defendants' motions for summary judgment **(Docs. 142 and 149)**. However, each response shall not exceed 20 pages in length (not including exhibits).

**IT IS THEREFORE ORDERED** that plaintiff's motions to extend the time for plaintiff to file his responses to the defendants' three pending motions for summary judgment **(Docs. 148, 153-157, 160 and 164)** are all **GRANTED**, in that: (1) plaintiff's untimely-filed documents **(Docs. 158 and 159)** filed in response to defendants Doughty, Feinerman and Gargia's motion for summary judgment **(Doc. 136)** will be permitted to stand; and (2) plaintiff shall file his responses to the "IDOC" defendants' motions for summary judgment **(Docs. 142 and 149)** by **March 1, 2008**. No further extensions shall be granted.

**IT IS FURTHER ORDERED** that leave to exceed the 20 page limit **(Doc. 163)** is **GRANTED IN PART AND DENIED IN PART,** in that the Court will let the oversized documents already filed **(Docs. 158 and 159)** stand, but plaintiff's responses to the "IDOC" defendants' motions for summary judgment **(Docs. 142 and 149)** shall each not be longer than 20 pages (not including exhibits).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to supplement his response to defendants Doughty, Feinerman and Gargia's motion for summary judgment **(Doc. 161)** is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: January 16, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
