IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY M. RUFFIN, JR.,

    Plaintiff,

v.

WINNEBAGO COUNTY JAIL, et al.,

    Defendants.                        Case No. 03-cv-210-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This matter comes before the Court on a Report and Recommendation ("R&R") (Doc. 203), issued by Magistrate Judge Proud, pursuant to **28 U.S.C. § 636(b)(1)(B)**.[1] The R&R recommends granting in part and denying in part a Motion for Summary Judgment (Doc. 194), filed by defendants Drs. Garcia and Feinerman. Specifically, the R&R recommended that Dr. Garcia not be granted summary judgment on the basis that the statute of limitations did not conclusively bar Counts 5 and 9 of Plaintiff's Complaint. However, the R&R did recommend summary judgment be granted in favor of defendant Feinerman as to Plaintiff's Count 16,

---

[1] Plaintiff Johnny Ruffin is an inmate currently housed with the Illinois Department of Corrections ("IDOC") at a correctional facility in Pinckneyville, Illinois. Plaintiff brings this suit, *pro se*, against Defendants, claiming deprivations of his constitutional rights pursuant to **42 U.S.C. § 1983**. Plaintiff sustained injuries during an incident in 1999, when he was shot multiple times by sheriff's deputies in Kane County, Illinois (*see* Doc. 21, p. 1). Due to these injuries, Plaintiff is now a paraplegic, confined to a wheelchair for general mobility purposes. Plaintiff is currently serving a sixty-nine year sentence for second degree murder and two counts of aggravated battery with a firearm.

which alleges a violation of the Rehabilitation Act, **29 U.S.C. § 794**.[2]

The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the R&R. In accordance with the notice, Dr. Garcia has timely filed objections to the R&R (Doc. 205). In turn, Plaintiff has filed a Response (Doc. 206), to which Dr. Garcia has replied (Doc. 208). Because timely objections have been filed, this Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); Govas v. Chalmers, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." **Willis v. Caterpillar Inc., 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the portions, if any, of the R&R to which the parties have made no objection. **Thomas v. Arn, 474 U.S. 140, 149-52 (1985)**.

Because the Court finds that one of Plaintiff's three grievances at issue herein seems relevant to the statute of limitations argument but that remaining questions of administrative exhaustion exist, it is necessary to set this case for an evidentiary hearing in accordance with **Pavey v. Conley, 528 F.3d 494 (7th Cir.**

---

[2] The R&R inadvertently failed to note the remaining Rehabilitation Act claim alleged against Dr. Garcia in Count 8 of Plaintiff's Complaint. Because Dr. Garcia did not move for summary judgment as to this Count, the Court cannot address it on the merits herein.

2008), *as amended on denial of rehearing and rehearing en banc*, No. 07-1426, 2008 WL 4191353 (7th Cir. Sept. 12, 2008).

## II. DISCUSSION

### A. Summary Judgment

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999). The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999). In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings. Rather, the nonmovant must show through specific evidence that an issue of fact remains on matters for which the nonmovant bears the burden of proof at trial. *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party

for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted); *accord* *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**.

**B.    Analysis**

    **1.    Calculating the Statutory Period**

Dr. Garcia objects to the R&R's finding that Plaintiff's deliberate indifference claims against him, as alleged in Counts 5 and 9 of his Complaint, are not barred by the applicable 2-year statute of limitations applicable to claims pursuant to **42 U.S.C. § 1983** in Illinois. ***See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999)**. The remaining claim in Count 5 against Dr. Garcia is one of deliberate indifference to Plaintiff's serious medical needs for failing to prescribe Plaintiff Baclofen from June 26 through August 3, 2000, in violation of Plaintiff's Eighth Amendment rights (Doc. 1, ¶¶ 55-59). In Count 9, the remaining claim against Dr. Garcia is for retaliation and harassment in violation of Plaintiff's First Amendment rights. In particular, Plaintiff alleges that Dr. Garcia retaliated against him for filing a grievance by verbally harassing him during conversation on June 26, 2000 and then discontinuing his prescription for Baclofen (until he again prescribed it on August 3, 2000) (*Id*. at ¶ 110C).

Plaintiff filed his Complaint in the Northern District of Illinois on March

5, 2003. Thus, applying the two-year statute of limitations, the R&R calculated that all of Plaintiff's claims must have arisen on or after March 6, 2001. Further, the R&R found that the issues alleged against Dr. Garcia in Counts 5 and 9 occurred while Plaintiff was housed at Pinckneyville Correctional Center, from April 6, 2000 through February 6, 2001 (*Id.* at 3).³ At first blush, it would appear that Plaintiff overshot his two-year deadline by at least a month. However, as the R&R stated, "Exhaustion of administrative remedies in accordance with **42 U.S.C. § 1997e(a)** is a precondition to suit, which tolls the statute of limitations" (Doc. 203, p. 5, citing ***Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)**. Because neither Party included the time period during which Plaintiff was exhausting his administrative remedies, the R&R found questions of material fact remained, precluding granting summary judgment in favor of Dr. Garcia as to Counts 5 and 9.

In his objections, Dr. Garcia addresses the R&R's determination of when the statutory period on Counts 5 and 9 begins to run. The R&R conservatively concluded that the two-year statutory period for filing suit began to run from February 6, 2001, because that was the date on which Plaintiff was transferred to Menard Correctional Center and out of Dr. Garcia's care (Doc. 203, p. 4). Yet, Dr. Garcia believes that the latest Plaintiff's claims against him in Counts 5 and 9 accrued would instead be August 3, 2000, when Plaintiff again received a prescription for Baclofen (Doc. 205, pp. 6-7). The remaining allegations of Counts

---

³ The R&R noting, however, that Count 5 was now limited to a single incident – the denial of Baclofen from June 26 through August 3, 2000 (Doc. 203, p. 3).

5 and 9 do not involve Dr. Garcia – the R&R recognized that Plaintiff failed to allege any sort of conspiracy which would temporally connect these allegations to allegations made against other remaining Defendants in Counts 5 and 9, for the purposes of determining the statutory period for filing suit.  In his Response (Doc. 206), Plaintiff does not address this particular objection.  The Court agrees with Dr. Garcia in that the appropriate date for calculating the start of the two-year statutory period for filing suit regarding Counts 5 and 9 against Dr. Garcia should begin to run on August 4, 2000, instead of February 6, 2001.  (However, this does not include any tolling periods which may prove applicable.)

### 2. Administrative Exhaustion

Pursuant to the Prison Litigation Reform Act, **42 U.S.C. § 1997e(a)**, "No action shall be brought with respect to prison conditions under **section 1983** of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion of administrative remedies is a precondition to suit, and is required before a suit can be brought, **Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535-36 (7th Cir. 1999)**, regardless of the nature of relief sought. **Booth v. Churner, 532 U.S. 731, 741 (2001)**.  It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle, 534 U.S. 516, 532 (2002)**.  Exhaustion must occur before a suit is filed, **Ford v.**

***Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)**, and requires that prisoners "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**. However, "prison officials may not take unfair advantage of the exhaustion requirement," a view which the Seventh Circuit upholds. ***Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004))**. When an inmate makes all reasonable effort to comply with the grievance procedure and exhaust his administrative remedies, but is prevented from doing so by prison officials, then his so-called "remedy" offered by the grievance system essentially "becomes 'unavailable.'" ***Id.***

In this case, the R&R was correct in finding that because the Parties failed to account for any period of time tolled while Plaintiff sought to exhaust his administrative remedies, questions of material fact remained regarding whether Plaintiff's claims against Dr. Garcia were barred by the statute of limitations. Accordingly, in his Objections to the R&R, Dr. Garcia addresses three grievances filed by Plaintiff which could be construed as relating to his claims against Dr. Garcia in Counts 5 and 9: (1) a July 24, 2000 grievance regarding Dr. Garcia's refusal to prescribe Plaintiff Baclofen from June through August 2000 and a request for Dr. Garcia's termination for unprofessional conduct;[4] (2) an August 21, 2000 follow-up

---

[4] Both the R&R and Dr. Garcia question the veracity of this July 24, 2000 grievance, as in it, Plaintiff complains of not receiving Baclofen from June 25, 2000 through August 4, 2000 – nearly a week subsequent to date on the grievance.

grievance to a June 30, 2000 grievance alleging a verbal altercation with Dr. Garcia on June 26, 2000 and being denied Baclofen on dates prior to the June 26, 2000 altercation; and (3) an April 6, 2001 grievance alleging retaliation by Pinckneyville correctional officers for Plaintiff's prior grievances and also stating that on June 25, 2000, Dr. Garcia retaliated against Plaintiff by taking him off Baclofen from June 25 through August 2000, and again from October 20 through November 11, 2000.

Regarding the July 24, 2000 and August 21, 2000 grievances, Dr. Garcia notes that these grievances lack Plaintiff's signature indicating he took the final step in exhausting his administrative remedies by appealing to the Director of Corrections, as required by **ILL. ADMIN. CODE tit. 20, § 504.850(a)**, in order to exhaust his administrative remedies.  As for the April 6, 2001 grievance, Dr. Garcia argues this is void on its face because Plaintiff failed to file it within 60 days after the incident complained of therein, as required by **ILL. ADMIN. CODE tit. 20, § 504.810(a).**[5]  Responding to Dr. Garcia's Objections to the R&R, Plaintiff only discusses his July 24, 2000 grievance, arguing that his efforts to exhaust his administrative remedies should properly toll the statutory period for filing his suit. He does not contest Dr. Garcia's assertions regarding either his August 21, 2000 or April 6, 2001 grievance.  As such, the Court finds that the Plaintiff failed to fully exhaust his administrative remedies regarding the August 21, 2000, as he failed to appeal the ruling of the Chief Administrative Officer to the Administrative Review

---

[5] **ILL. ADMIN. CODE tit. 20, § 504.810(a)** states in part, "A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."

Board ("ARB"). Further, the Court finds the April 6, 2001 grievance void on its face, for Plaintiff's failure to file it within 60 days of the incident. Accordingly, the Court will only look to Plaintiff's July 24, 2000 grievance for purposes of determining whether a question of fact remains regarding whether Plaintiff properly exhausted his administrative remedies, in order to toll the statutory time period for filing his Complaint.

In his Response (Doc. 206), Plaintiff acknowledges that his July 24, 2000 grievance was denied by the Chief Administrative Officer on October 20, 2000. However, Plaintiff asserts that on October 29, 2000, Lieutenant Ronald William confiscated this and other grievances and legal documents from Plaintiff (Doc. 206, p. 2). Plaintiff argues that this prevented him from fully exhausting his administrative remedies as to the July 24, 2000 grievance. Continuing, Plaintiff explains that he finally received this grievance back on February 21, 2001. On February 24, 2001, Plaintiff states that he again attempted to exhaust his administrative remedies by forwarding the July 24, 2000 grievance to the ARB. According to Plaintiff, the ARB denied his grievance on March 28, 2001, for being untimely filed. Plaintiff points to the file stamps shown on the grievance, dated February 26, 2001 and March 14, 2001, which he believes signifies the dates the Office of Inmates Issues received his July 24, 2000 grievance, thus bolstering his argument that he attempted to properly exhaust his administrative remedies but was prevented from properly doing so when his grievance and other papers were

confiscated by correctional officers. Therefore, Plaintiff believes that the 2-year statutory period should actually begin on March 28, 2001, the date on which Plaintiff received his July 24, 2000 grievance back from the ARB. As such, Plaintiff asserts that his Complaint, filed on March 5, 2003, was timely filed within the applicable 2-year statute of limitations.

In his Reply (Doc. 208), Dr. Garcia challenges Plaintiff's assertion that his July 24, 2000 grievance was confiscated or that he even appealed it to the ARB. Dr. Garcia states that there are no documents on file to support Plaintiff's statement of receiving a denial from the ARB on March 28, 2001, which would serve to corroborate Plaintiff's "self serving affidavit." Additionally, Dr. Garcia believes Plaintiff's July 24, 2000 grievance was resolved on August 4, 2000, when Plaintiff was again prescribed Baclofen. Thus, in the light most favorable to Plaintiff, Dr. Garcia posits that Plaintiff's exhaustion of administrative remedies ended on October 20, 2000, when this grievance was denied by the Chief Administrative Officer (as there are no records on file to show Plaintiff appealed this ruling at any time to the ARB), making the 2-year filing deadline October 21, 2002 and not March 29, 2003 (as Plaintiff suggests). Ultimately, Dr. Garcia contends that it is Plaintiff who bears the burden of proving that on March 28, 2001, he exhausted his administrative remedies regarding the July 24, 2000 grievance. Dr. Garcia does not believe that Plaintiff's self-serving affidavit sufficiently meets his burden of proof and therefore, his claims in Counts 5 and 9 against Dr. Garcia are barred by the applicable 2-year statute of limitations.

The Seventh Circuit has found that until the issue of administrative exhaustion is determined, "the court cannot know whether it is to decide the case or the prison authorities are to." **See Pavey v. Conley, 544 F.3d 739, 741 (7th Cir. 2008), *as amended on denial of rehearing and rehearing en banc*, No. 07-1426, 2008 WL 4191353 (7th Cir. Sept. 12, 2008)**. Dr. Garcia complains that Plaintiff's only proof of his prevented attempts at exhausting his administrative remedies regarding his July 24, 2000 stem from his self-serving affidavit. However, Plaintiff's affidavit (albeit self-serving) is sufficient to create a question of material fact in this situation. **See Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006) (finding that even Plaintiff's self-serving affidavit testimony in support of his § 1983 suit was "competent evidence to rebut [a] motion for summary judgment" as long as it was based on affiant's personal knowledge, was detailed and specific) (alteration in original) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)); *see also Lax v. City of South Bend*, 449 F.3d 773, 774 (7th Cir. 2006) (reversing the district court grant of summary judgment for its failure to regard Plaintiff's affidavit as evidence creating a question of material fact precluding summary judgment)**. Therefore, the Court finds it necessary to act in accordance with **Pavey**. As such, it will reserve its ruling on the statute of limitations issue regarding Plaintiff's claims against Dr. Garcia in Counts 5 and 9 until an evidentiary hearing has been conducted. The evidentiary hearing should serve to determine the issue of whether Plaintiff exhausted or in good faith attempted to exhaust his

administrative remedies regarding his July 24, 2000 grievance against Dr. Garcia. The hearing should also resolve the issue of whether the 2-year statutory period was tolled during the time which Plaintiff was exhausting his administrative remedies. Lastly, the evidentiary hearing should determine the proper date from which the 2-year statutory period begins in order to further determine whether Plaintiff's Complaint was timely filed or whether it is barred by the statute of limitations.

### III.  CONCLUSION

In sum, the Court **ADOPTS IN PART AND VACATES IN PART** the R&R (Doc. 203).  In particular, the Court **ADOPTS** the finding that Dr. Feinerman should be **GRANTED** summary judgment as to Plaintiff's Rehabilitation Act claim against him in Count 16.  The Court further **ADOPTS** the finding that the issue of administrative exhaustion remains regarding Plaintiff's July 24, 2000 grievance against Dr. Garcia, which forms the basis for his remaining claims against Dr. Garcia in Counts 5 and 9 of his Complaint.  The Court hereby **VACATES** the R&R's finding that any administrative exhaustion issues exist relating to Plaintiff's claims in Counts 5 and 9 against Dr. Garcia, except for those related to Plaintiff's July 24, 2000 grievance.  Additionally, the Court finds that the beginning of the statutory period began running on August 4, 2000, albeit this does not include any tolling period that may later be found to apply.

Accordingly, the Court hereby **RESERVES** its ruling on Defendants' Motion for Summary Judgment (Doc. 194) regarding whether Counts 5 and 9 of

Plaintiff's Complaint against Dr. Garcia are barred by the applicable 2-year statute of limitations. In so doing, the Court hereby **REFERS** this matter to United States Magistrate Judge Proud in order to conduct an **EVIDENTIARY HEARING**, in accordance with *Pavey*, to determine whether Plaintiff exhausted his administrative remedies (or in good faith attempted to exhaust them) regarding his July 24, 2000 grievance against Dr. Garcia, as discussed herein. An R&R should issue regarding this determination as well as whether Plaintiff's Counts 5 and 9 against Dr. Garcia are barred by the applicable 2-year statute of limitations. The Court also **DIRECTS** Judge Proud to grant in part Plaintiff's Motion to Appoint Counsel (Doc. 209), so that Plaintiff will be represented for this evidentiary hearing.

**IT IS SO ORDERED**.

Signed this 26th day of November, 2008.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**