IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY M. RUFFIN, JR.,**

    **Plaintiff,**

v.

**WINNEBAGO COUNTY JAIL, et al.,**

    **Defendants.**                                **Case No. 03-cv-210-DRH**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

    Before the Court is Plaintiff's Motion for Discovery to Inspect. (Doc. 255). Per Court Order (Doc. 256), Defendants timely filed a Response. (Doc. 257). No Reply is on file.

    In his Motion, Plaintiff requests that the Court enter an Order allowing his attorney access to Menard Correctional Center ("Menard") in order to inspect and take photographs of certain areas of Menard to support his claim that Menard lacks adequate handicap facilities. Defendants respond that they discussed Plaintiff's request with his attorney and arranged for personnel working for the Illinois Department of Corrections ("IDOC") to take the photographs on Plaintiff's behalf. However, Defendant requires a list specifically identifying those areas of the prison Plaintiff wishes to photograph. Defendant further requests that the Court enter a protective order that all such photographs are only for purposes of the trial of this matter and that the photographs be returned to defense counsel at the close of trial.

Rule 34(a)(2) provides, in relevant part, that "[a] party may serve on any other party a request . . . to permit entry onto . . . property possessed or controlled by the responding party, so that the requesting party may inspect [or] photograph the property or any designated object or operation on it." **FED. R. CIV. P. 34(a)(2)**.

The Court finds that the Defendants' proposed arrangement is reasonable under the circumstances. In fact, the photographs may already have been taken according to Defendant's motion. Accordingly, the Court **ORDERS** as follows: (a) If he has not already done so, on or before September 25, 2009, Plaintiff's counsel is to submit to Defendants' counsel a list of specific areas of the Menard Correctional Center or facilities therein of which he wants photographs; (b) If not already done, Defendants' counsel, per the representations in Defendants' response (Doc. 257), is to make arrangements for the photographs to be taken and to ensure that the photographs are served on Plaintiff's counsel on or before October 1, 2009; and (c) Any and all photographs turned over to Plaintiff's counsel, and any copies thereof, are for purposes of this trial only and must be returned to Defendants' counsel at the close of trial.

**IT IS SO ORDERED**.

Signed this 24th day of September, 2009.

/s/     DavidRHerndon

**Chief Judge**
**United States District Court**