IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOHNNY RUFFIN #K80541, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  03-210-DRH |
| ) | |
| WINNEBAGO COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW,
OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

NOW COMES  the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of its Motion for Judgment as a Matter of Law, submits the following memorandum of law:

**BACKGROUND**

Plaintiff alleged Defendant, Illinois Department of Corrections, violated his federal rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, during his incarceration at Menard Correctional Center.  Specifically, Plaintiff claimed that during his incarceration at Menard Correctional Center from February 6, 2001, through December 6, 2002, he was denied reasonable access to programs and activities including the shower area, the Health Care Unit through the sick call request procedures, the segregation visiting room, the yard, transportation to court, and access to emergency exits.

Initially, Plaintiff's case consisted of five counts against ten defendants.  After the close of Plaintiff's case, Defendants made a motion pursuant to Federal Rule of Civil Procedure Rule 50, arguing, inter alia, that Plaintiff failed to show Defendants violated the Rehabilitation Act and that

1

Defendants could not be sued in their individual capacities under the Rehabilitation Act. The Court denied the portion of Defendants' motion regarding Count 16. After the close of Defendants' case in chief, Defendants' renewed their Rule 50 motion as to the remaining counts. The Court granted Defendants' motion in regards to the individual Defendants named in Count 16 based on the Rehabilitation Act and denied Defendants' motion as to the Illinois Department of Corrections.

Plaintiff's request for damages in the form of injunctive relief was heard outside the presence of the jury. The Court held that injunctive relief was not available, and that the issue of what accommodations were available at Menard Correctional Center was moot because Plaintiff was no longer housed at Menard Correctional Center, such that there was no case or controversy to merit injunctive relief.

In his closing argument, Plaintiff's attorney asked the jury to return a verdict against Defendants and award Plaintiff $50,000 in compensatory damages and $100,000 in punitive damages. After deliberating, the jury returned a verdict against Defendant Illinois Department of Corrections on the Rehabilitation Act claims. The jury awarded Plaintiff $17,000 in damages. This renewed motion for judgment as a matter of law, follows.

I.      **STANDARDS FOR JUDGMENT AS A MATTER OF LAW OR FOR NEW TRIAL.**

The standard that governs the adjudication of a motion for judgment as a matter of law is the same standard used in assessing a motion for summary judgment. Deimber v. Cincinnati Sub-Zero Products, 58 F.3d 341, 343 (7th Cir. 1995). In considering a motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the non-moving party and ascertain whether there exists any evidence upon which a jury could reach a verdict for the party producing it, upon whom the onus of proof is imposed. Id. at 343.

If there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party, judgment as a matter of law should not issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). However, if there is not an issue of any material fact, judgment as a matter of law should issue. Id. at 247, 106 S. Ct. at 2510.

The mere existence of some alleged factual dispute between the parties will not defeat a motion for judgment as a matter of law. Id. at 247-48, 106 S. Ct. at 2510. Factual disputes that are irrelevant or unnecessary cannot create an issue sufficient to overcome a motion for judgment as a matter of law. Id. at 248, 106 S. Ct. at 2510. Only disputes over facts that might affect the outcome of the suit under the governing law preclude entry of judgment as a matter of law. Id. at 248, 106 S. Ct. at 2510. If the evidence is merely colorable or is not significantly probative, it is proper to grant judgment as a matter of law. Id. at 249-50, 106 S. Ct. at 2511.

Substantive law identifies which facts are material. Id. at 248, 106 S. Ct. at 2510. The Court must view the evidence presented through the prism of the substantive evidentiary burden. Id. at 254, 106 S. Ct. at 2513. Rather when the movant has met the burden of showing no material issue of fact exists, judgment as a matter of law is appropriate. Id. at 256, 106 S. Ct. at 2514.

Federal Rule of Civil Procedure 59 provides that a party may move for a new trial within 10 days of the entering of a judgment. Hillard v. Hargraves, 197 F.R.D. 358, 359, 2000 U.S. Dist. LEXIS 1512 (N.D. Ill. 2000). The authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court" because of its ability to "observe witnesses and follow the trial in a way that [the Appellate Court] cannot replicate by reviewing a cold record." Id. [citations omitted.] A new trial should be granted when the verdict is against the weight of the evidence, is either excessive or inadequate, where probative evidence is newly discovered, where

conduct by the court, counsel or the jury improperly influences the deliberative process, or if for any reasons the trial was not fair to the moving party. Id., citing McNabola v. Chicago Transit Authority, 10 F.3d 501, 516 (7th Cir. 1993) and Emmel v. Coca-Cola Bottling Co., 95 F.3d 627, 636 (7th Cir. 1996).

## II. DEFENDANT ILLINOIS DEPARTMENT OF CORRECTIONS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW REGARDING PLAINTIFF'S REHABILITATION ACT CLAIMS.

Plaintiff alleged he was the victim of discrimination based on his handicap in violation of the Rehabilitation Act. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) provides, in relevant part, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal assistance." 29 U.S.C.A. §794 (2002). Section 504 defines "program or activity" as the operations of a "department, agency, special purpose district, or other instrumentality of a state or local government." 29 U.S.C.A. §794 (2002).

In order to establish a violation of Section 504, a plaintiff is required to show he is disabled as defined by the Act, he was otherwise qualified to participate in the program, the program received federal financial assistance, and that the plaintiff was excluded from participation, denied benefits, or was otherwise discriminated against solely because of his disability. Branham v. Snow, 392 F.3d 896, 902 (7th Cir. 2004) citing Silk v. City of Chicago, 194 F.3d 788, 798 n. 6 (7th Cir. 1999). "An otherwise qualified individual is one who is able to meet all of a program's requirements in spite of his handicap." Southeastern Community College v. Davis, 442 U.S. 397, 406 (1979); Mallett v. Wisconsin Division of Vocational Rehabilitation, 130 F.3d 1245, 1257 (7th Cir. 1997); Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116, 120 (7th Cir. 1997).

4

In order to satisfy the requirement that discrimination occurred, the plaintiff must prove that the discrimination resulted from "the handicap and from the handicap alone." Mallett 130 F.3d at 1257. The Rehabilitation Act does not provide a remedy for those who complain they are not getting appropriate treatment for their disability. Referring to the similar provisions of the Americans With Disabilities Act, the Seventh Circuit has held that "the Act would not be violated simply by failing to attend to the medical needs of disabled prisoners." Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996). The Seventh Circuit has reached the same result under the Rehabilitation Act, holding that "section 504 does not provide federal malpractice tort remedy." Grzan 104 F.3d at 123.

While the Rehabilitation Act applies to state prisoners and prisons, Crawford v. Indiana Dept. Of Corrections, 115 F.3d 481 (7th Cir. 1997), the Act does not require prison officials to give handicapped inmates preferential treatment. Lue v. Moore, 43 F.3d 1203, (8th Circuit, 1994). Additionally, "[s]ecurity concerns, safety concerns, and administrative exigencies would all be important considerations to take into account" when determining whether a reasonable accommodation were possible by the correctional facility. Love v. Westville Correctional Center, 103 F.3d 558, 561 (7th Cir. 1996).

While Section 504 of the Rehabilitation Act is enforceable through private causes of actions, punitive damages are not available under Section 504 of the Rehabilitation Act. Barnes v. Gorman, 536 U.S. 181, 189-190 (2002). In regards to additional damages, the Prison Litigation Reform Act limits recovery for compensatory damages when an inmate brings a civil action for mental or emotional injury without a prior showing of physical injury. 42 U.S.C.A §1997e(e). The Seventh Circuit is clear that there is no exception to the requirement of a prior showing of physical injury when an inmate seeks recovery for mental or emotional injuries for claims brought pursuant

to the Rehabilitation Act. Cassidy v. Indiana Department of Corrections, 199 F. 3d 374, 376 (7th Cir. 2000).

### A. Defendant Illinois Department of Corrections is entitled to Judgment as a Matter of Law on Plaintiff's demand for compensatory damages.

Plaintiff failed to present evidence of a physical injury related to the alleged Rehabilitation Act violations. Section 1997(e)e of the Prison Litigation Reform Act of 1996 provides: "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." While Section 1997(e)e may limit the relief available to inmates who cannot allege a physical injury, it does not bar their lawsuit entirely, such that an inmate may be entitled to nominal damages absent the showing of a physical injury for a violation of his rights. Calhoun v. Detella, 319 F.3d 936, 940-941 (7th Cir. 2003) citing Cassidy at 376-377. The Seventh Circuit has indicated that the plaintiff's own testimony of physical injury is insufficient to support an assertion that the inmate suffered a physical injury "as that term is commonly understood." Pearson v. Welborn, 471 F.3d 732, 743 (7th Cir. 2006)(In First Amendment claim for retaliation, plaintiff's testimony regarding physical and mental depression as well as weight loss was insufficient to support claim of physical injury under 42 U.S.C. § 1997(e)e).

In this case, Plaintiff fails to meet the standards set forth under 42 U.S.C. §1997(e)e such that he is entitled to recover compensatory damages based on alleged violations of the Rehabilitation Act. Plaintiff's specific violations of the Rehabilitation Act included access to the courts, access to the segregation visiting room, exits from Plaintiff's housing unit on the fourth floor of Menard's segregation unit, access to the shower, access to the Health Care Unit through the sick call request process, and access to yard. During Plaintiff's testimony, he did not allege that he suffered a physical injury as a result of being denied equal access to programs or activities

6

including what he framed as ramps on the fourth floor segregation unit, the shower area, sick call or yard.  As such, Plaintiff is not entitled to compensatory damages in regards to those claims.

Plaintiff testified that he suffered physical injury as a result of being transferred to court writs in a non-wheelchair accessible van 10 to 20 times during his incarceration at Menard Correctional Center, including the swelling of his right leg and arm, and rug burn from being dragged across the floor of the van.  However, there is no medical evidence to support Plaintiff's claims that he suffered this swelling as a result of being transported in a non-wheelchair accessible van to court writs.  Plaintiff's medical records indicate that during his incarceration, he was approved to be physically capable of being transported to court writs on March 1, 2001, April 4, 2001, April 20, 2001, April 25, 2001, June 21, 2001, June 28, 2001, August 27, 2001, September 14, 2001, September 26, 2001, December 29, 2001, March 6, 2002, April 2, 2002, April 10, 2002, June 26, 2002, October 21, 2002, and December 5, 2002.  (Defendants Exhibit 1, pp. 94, 101, 104, 106, 112, 118, 119, 121, 126, 133, 145, 147, 151, 155, 182).  Instead, Plaintiff's medical records indicate that he complained of swelling prior to court writs (Defendant's Exhibit 1, p. 101, 102), not as a result of court writs.  Additionally, there are no notations in Plaintiff's medical records that he suffered rug burn.  Plaintiff's testimony regarding his physical injures cannot serve as the predicate for an award of mental or emotional damages because he lacks competency to testify as to the cause of his injuries.  More importantly, any claims regarding failure to use a wheelchair accessible van are not cognizable under the Rehabilitation Act.  Plaintiff was not denied participation in any program offered by the Illinois Department of Corrections when the Department transported Plaintiff for a court writ in a non-wheelchair accessible van.

Plaintiff also failed to support a claim for physical injury in regards to his testimony concerning the visiting room.  Again, Plaintiff testified that he suffered from swelling after being

placed in the segregation visiting room where his wheelchair was placed next to a stool during the approximately six visits he had during his incarceration at Menard Correctional Center. Plaintiff testified his legs were pressed up against the stool in the visiting area, resulting in swelling to his legs following the visits. Again, there is no medical evidence to support Plaintiff's claims he suffered swelling as a result of these visits, including an absence of any notation in Plaintiff's medical records that he ever complained to medical staff about his physical condition following visits. Testimony from Pam Grubman, the former Health Care Unit Administrator, revealed that Plaintiff had ample opportunities to contact medical staff on a daily basis, either during the Correctional Medical Technician's ("CMT") rounds or by submitting sick call request slips to counselors or correctional officers. The fact that there is no entry in Plaintiff's medical records complaining of injuries following use of the visiting rooms shows he suffered no physical injury as a result of his access to the visiting room. Plaintiff's discomfort during prolonged visits is not actionable as a violation of the Rehabilitation Act. Plaintiff was not denied the ability to participate in any program, in this instance, the use of the segregation visiting room, because of his disability.

Plaintiff was dissatisfied with the manner in which he was transported or allowed to visit with his relatives and attorney. Plaintiff's claims do not establish a violation of the Rehabilitation Act, nor does the alleged swelling of his leg and arm satisfy the "physical injury" component of the PLRA. Plaintiff's remaining claims including sick call, ramps, the shower, and the yard had nothing to do with a physical injury, and there was no testimony that the alleged denial of equal access to these programs or activities resulted in Plaintiff suffering a physical injury such that he would be entitled to compensatory damages.

**B.     The Illinois Department of Corrections did not violate the Rehabilitation Act by denying Plaintiff equal access to programs or activities at Menard Correctional Center.**

Plaintiff was not denied equal access to programs or activities at Menard Correctional Center in violation of the Rehabilitation Act. As stated above, a program or activity under Section 504 of the Rehabilitation act consists of the operations of a "department . . . of a state . . . government." 29 U.S.C.A. §794 (2002). While Plaintiff focused on the lack of a wheelchair accessible van to be used for his transport to and from court writs, nothing in the Rehabilitation Act or relevant case law requires recipients of Federal funding to provide wheelchair-accessible vans when transporting individuals confined to a wheelchair who are participating in a program or activity conducted by the recipient. It is important to note that the program or activity Plaintiff was entitled equal access to was the ability to attend court, *not* to be transported in a wheelchair-accessible van. Defendants do not have a transportation program whereby inmates without disabilities are transported in an accessible van. Plaintiff did not testify that he was unable to attend court writs, only that he was dissatisfied with the manner in which he was transported. Thus, even if a practice of honoring court writs constitutes a program or activity afforded by the Illinois Department of Corrections, Plaintiff was allowed to participate and received the benefit of the program , the same as individuals without a disability.

During trial, Lieutenant Joe Durham testified that employees of the Illinois Department of Corrections who transported inmates in wheelchairs were provided with training on how to move wheelchair-bound individuals in a safe manner for both the inmate and the correctional officers. To the extent Plaintiff alleged he was manhandled, thrown in the van, and dragged across the van resulting in rug burn, the conduct of which Plaintiff complains, the failure to provide a wheelchair-accessible van for Plaintiff's transportation, was not the proximate cause of Plaintiff's alleged

injuries. The proximate cause of Plaintiff's alleged injuries were the actions by the correctional officers in charge of transporting Plaintiff.

In regards to access to the visiting room, Plaintiff was able to visit with his family members and attorney on their approximately six visits to Menard Correctional Center. To the extent Plaintiff claims he was denied equal access because it was difficult to talk to his family or have privacy, the photos shown of the visiting room during trial were clear that it would be difficult for any individual to have a private conversation in the segregation visiting room because the areas are open cubicles without doors. Thus, the Illinois Department of Corrections does not offer a program or activity of providing maximum security prisoners with private visiting facilities.

Plaintiff also failed to show that he was denied equal access to the sick call procedures at Menard Correctional Center. While Plaintiff claimed it took two weeks to be seen by medical staff after a sick call request was made, he did not, however, offer any evidence to show the delay was related to his disability. An administrative Directive required sick call requests to be addressed in 72 hours and that nursing sick call occurred seven days a week in the segregation unit. CMTs or nurses were in Plaintiff's cell house daily, and Plaintiff even testified that when he was taking prescribed medication, he would receive that medication from health care employees on a daily basis. Additionally, Plaintiff's witnesses testified that CMTs or nurses made rounds in the segregation unit.

Plaintiff not only failed to offer evidence showing that any delay in his treatment was caused by his disability, but he also failed to show who was responsible for the claimed delays. Plaintiff cannot prove motive without showing who denied him access to the sick call request procedure. Plaintiff was required to identify the particular individuals who allegedly denied him access to the

sick call request procedures. Harper v. Albert, 400 F.3d 1052, 1065-1066 (7th Cir. 2005). Plaintiff has, therefore, failed to prove a claim under the Rehabilitation Act.

Plaintiff's claims of denial of access to a ramp also fails to satisfy a violation of the Rehabilitation Act. Plaintiff was housed in the ADA-wing at Menard Correctional Center on the fourth floor. There was testimony from Plaintiff, several of his witnesses, Ms. Grubman, and Mr. Durham that when inmates needed to leave the fourth floor, they were transported to the first floor by elevator. Testimony from former Warden Roger Cowan showed how that in the event of a need for evacuation of inmates housed on the fourth floor if the elevator was inaccessible, that additional staff would be summoned for evacuation of all inmates housed in the segregation unit. If the elevator was broken, stair chairs were available to evacuate the inmates, as well as gurneys, or physically lifting and moving the inmates. However, Warden Cowan also testified that in the event of a fire, first there would be an attempt to extinguish the fire, the next step would be to evacuate the inmates to the shower area, and if necessary, evacuate the inmates to the outside. Plaintiff's testimony that there was a fire on March 8, 2001 was directly contradicted by testimony from Mr. Durham, who testified that no such event occurred due to a lack of an incident report for that date for the Menard Segregation Unit. Even if there had been a fire, Plaintiff did not testify as to any physical injury suffered as a result of the fire. More importantly, Plaintiff failed to show that he was denied participation in any program because of the failure to create a backup accommodation for elevator failures.

Plaintiff is not entitled to relief based upon his claims of denial of access to the shower area at Menard Correctional Center. Plaintiff focused his testimony on the cleanliness of the shower area at Menard Correctional Center, the lack of a showerhead within reach of wheelchair-bound inmates, and the state of the shower chairs used in the shower area. Plaintiff's dissatisfaction with

the accommodations is not a violation of the Rehabilitation Act. Additionally, Plaintiff did not allege any physical damages as a result of the use of the shower chair, or the state of cleanliness of the shower.

Finally, Plaintiff is not entitled to damages based on his claims of access to the yard at Menard Correctional Center. Plaintiff testified that the segregation unit was taken to yard once a week for five hours on Saturdays, typically from 7:30 a.m. to 12:30 p.m. Plaintiff testified that because there was no wheelchair accessible toilet available on the yard, when he needed to use the restroom, he had to be taken back to his housing unit and potentially missed out on his yard time. Plaintiff was allowed to attend yard. To the extent Plaintiff claims he did not have equal access to the program or activity of yard because he had to be transported inside to use the restroom, his claims must fail. The Illinois Department of Corrections is required to make reasonable accommodations, and transporting Plaintiff to his cell where he had access to an ADA restroom was a reasonable accommodation.

**C.    Plaintiff is only entitled to nominal damages on his remaining Rehabilitation Act claims.**

Plaintiff failed to present evidence of a physical injury as required by the PLRA to justify an award of any compensatory damages. In Cassidy, the Seventh Circuit clarified that there is no exception to the physical injury requirement under 42 U.S.C. §1997(e)e when an inmate seeks recovery for mental or emotional injuries for claims brought pursuant to the Rehabilitation Act. Cassidy, 199 F.3d at 376. However, a plaintiff who proves a Constitutional violation is entitled to nominal damages. Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003). To the extent the Court determines Defendant violated the Rehabilitation Act, Plaintiff is limited to nominal damages in the amount of $1.00. Accordingly, this Court should vacate the judgment for compensatory damages and enter judgment in the amount of $1.00.

## III. THE DEFENDANT IS ENTITLED TO A NEW TRIAL.

In the alternative, to the extent the Defendant is not granted judgment as a matter of law, the Defendant is entitled to a new trial. Federal Rule of Civil Procedure 59 provides that a party may move for a new trial within 10 days of the entering of a judgment. A new trial may be granted where the "verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1367 (7th Cir. 1996). A party's motion for a new trial should be granted where "the verdict is against the manifest weight of the evidence or if a prejudicial error occurred." Romero v. Cincinnati Inc., 171 F.3d 1091, 1096 (7th Cir. 1999). Credibility of the witnesses may properly be considered when determining whether a verdict is against the manifest weight of the evidence. U.S. v. Washington, 184 F.3d 653, 657 (7th Cir. 1999).

### A. The verdict was against the manifest weight of the evidence.

The verdict in this case, and against the Defendant, is against the weight of evidence. Defendant did not violate the Rehabilitation Act. To the extent the jury based its finding on Plaintiff's testimony that he was entitled to a wheelchair-accessible van under the Rehabilitation Act, the jury's award of $17,000 is against the manifest weight of the evidence because Plaintiff was not denied access to a program or activity by the use of a non-wheelchair-accessible van. As stated above, the Rehabilitation Act does not require an individual be provided specific items, such as a wheelchair-accessible van. Instead, the Rehabilitation Act requires recipients of federal funding to provide individuals equal access to programs or activities. Plaintiff did not testify he was unable to attend court writs, only that he was dissatisfied with his mode of transportation.

Additionally, it is against the manifest weight of the evidence presented at trial that Plaintiff was denied access to the Health Care Unit solely based on his disability when there was testimony

at trial by the former Health Care Unit Administrator at Menard Correctional Center that all inmates in segregation, with or without a disability, used the same sick call request procedures. Furthermore, the evidence at trial clearly did not support Plaintiff's claims he was denied access or a reasonable accommodation to the visiting room, yard, the shower, or a wheelchair accessible ramp. The jury's verdict of $17,000 in compensatory damages was against the manifest weight of the evidence, and as such, Defendant is entitled to a new trial.

**B.     Defendant is entitled to a new trial if the Court grants judgment as a matter of law to fewer than all of Plaintiff's Rehabilitation Act claims.**

Plaintiff made multiple claims under the Rehabilitation Act during trial. The Court denied judgment as a matter of law and submitted all of Plaintiff's claims to the Jury. If the Court finds Defendant was entitled to Judgment as a Matter of Law as to any of Plaintiff's Rehabilitation Act claims, Defendant is entitled to a new trial. To the extent the Court were to now find Defendants were entitled to judgment as a matter of law on fewer than all of the alleged violations, it is impossible to determine whether the violation the jury found was on a claim that was properly submitted to the jury. Thus, if the Court were to now find that Defendant was entitled to judgment as a matter of law on Plaintiff's claims regarding court writs, it is impossible to tell what the jury's verdict was based on, even in part, on this claim. As such, Defendants are entitled to a new trial to the extent there was an error in denying the dismissal of any of Plaintiff's claims under the Rehabilitation Act.

## CONCLUSION

In conclusion, there was insufficient evidence to find Defendant Illinois Department of Corrections violated Plaintiff's rights under Section 504 of the Rehabilitation Act, and as such, Defendant is entitled to judgment as a matter of law, or in the alternative, a new trial.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF CORRECTIONS,

      Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois

Ellen C. Bruce, #6288045              Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706          By: /s/ Ellen C. Bruce
(217) 782-9026                             ELLEN C. BRUCE
                                               Assistant Attorney General

Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOHNNY RUFFIN #K80541, | ) |
| Plaintiff, | ) |
| vs. | ) No. 03-210-DRH |
| WINNEBAGO COUNTY JAIL, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2009, I electronically filed Memorandum of Law in Support of Defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a New Trial, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph L. Bauer
jbauer@bauer-baebler.com

and I hereby certify that on October 27, 2009, I mailed by United States Postal Service, the document to the following non-registered participant:

None

Respectfully Submitted,
  /s/ Ellen C. Bruce
Ellen C. Bruce
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:    (217) 524-5091
E-Mail:  ebruce@atg.state.il.us
Attorney Bar #:  6288045