**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JOHNNY M. RUFFIN, JR.,**

     **Plaintiff,**

**v.**

**WINNEBAGO COUNTY JAIL, et al.,**

     **Defendants.**　　　　　　　　　　　　**Case No. 03-cv-210-DRH**

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, Chief Judge:**

## I. <u>Introduction</u>

Before the Court is Plaintiff's Bill of Costs (Doc. 281), to which defendant Illinois Department of Corrections ("IDOC") objects (Doc. 293). Plaintiff's suit proceeded to a jury trial, where he prevailed only on one of his claims, Count 16 of his Complaint, which alleged violations of his federal rights under Section 504 of the Rehabilitation Act of 1973, **29 U.S.C. § 794**, while he was incarcerated at Menard Correctional Center ("Menard"). However, the jury only found that defendant IDOC was liable for the violations in Count 16 of Plaintiff's Complaint; the individual Defendants were found not liable.[1]

Plaintiff timely filed his Bill of Costs (Doc. 281), seeking reimbursement pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** and **28 U.S.C. § 1920**. First,

---

[1] IDOC also moved for a judgment as a matter of law or alternatively, for a new trial, which the Court denied in its August 25, 2010 Order (Doc. 290).

IDOC particularly objects to the witness fees sought by Plaintiff, arguing that the witness's testimony was in regards to a claim upon which Plaintiff did not prevail, and is therefore not reimbursable.  Second, IDOC believes that if taxation of witness fees are allowed for this witness, the amount requested is inappropriate.  Lastly, it appears that Plaintiff is also seeking taxation of costs for attorney's fees, which, IDOC argues, are not properly taxable under Rule 54(d) and should be denied.

## II. <u>Discussion</u>

### A.  **Plaintiff's Bill of Costs**

Plaintiff's Bill of Costs lists the following items:

| | | |
|---|---|---|
| (1) | Fees for witnesses | $   1,342.74 |
| (2) | Other costs (Plaintiff's attorney's fees) | $ 34,417.01 |
| **TOTAL:** | | **$ 35,759.75** |

Plaintiff has itemized the witness fees, listing the witness as Larry Upchurch, from Rockford, Illinois.  The fee itemization shows the following:

| WITNESS FEES | TOTAL |
|---|---|
| Attendance - 1 day | $   110.86 |
| Subsistence - 3 days | $   213.48 |
| Mileage - 1,851 miles | $ 1,018.40[2] |
| **Grand Total:** | **$ 1,342.74** |

---

[2]  There appears to be a typographical error on Plaintiff's itemization which actually states the total mileage expense is "018.40."  Mathematically, however, this does not make sense.  IDOC also believes the amount claimed to be $1,018.40, which would be correct if the $.55/mile rate were used to calculate the total cost of mileage for Mr. Upchurch.

**B.    Legal Standard**

Taxable costs are allowed pursuant to Rule 54(d)(1),[3] which states that:

Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

The types of costs to be taxed are listed in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

---

[3]  In addition, the Court will also follow the guidance provided by its own Local Civil Rule 54.2 regarding taxation of costs. which states in pertinent part:

Not all trial expenses are taxable as costs.  Only those items authorized by law may be taxed as costs.  Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54(d)(1) provides that costs (other than attorneys' fees) should be allowed to the prevailing party, unless a federal statute, rule, or court order otherwise directs . . . .  If objections are timely filed, the matter will be reviewed and resolved by the presiding judge.

However, it is within a district court's discretion to determine which costs fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. *See State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 863-64 (7th Cir. 1981).

## C.   Analysis

IDOC contends the witness expenses for Mr. Upchurch are not properly taxable because Mr. Upchurch gave testimony in support of a claim upon which Plaintiff did not ultimately prevail.  During trial, Mr. Upchurch's testimony did not pertain to issues regarding violations of Plaintiff's rights under the Rehabilitation Act. Instead, the subject matter of his testimony pertained to the propensities of the individual Defendants, how they reacted when grievances were filed against them by the inmates, etc. (*see* Doc. 253 - Final Pretrial Order, p. 4).  So while technically, Plaintiff is the "prevailing" party for purposes of Rule 54(d),[4] he did not prevail upon all of his claims that were tried before a jury.  Just as a prevailing party in a § 1983 case will not be entitled to attorney's fees accrued for unsuccessful claims not interrelated to the prevailing claims, the Court similarly finds costs for this witness are not properly taxable. *See Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998).  In other words, the Court finds Mr. Upchurch's testimony was not necessary or relevant to Plaintiff's prevailing Rehabilitation Act claim against IDOC. *See*

---

[4] A party is deemed to be "prevailing" when a final judgment awards that party substantial relief. *See Smart v. Local 702 Intern. Broth. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009).

*McIlveen v. Stone Container Corp.*, **910 F.2d 1581, 1584 (7th Cir. 1990)**. However, Plaintiff's attorney may seek to collect these costs out of the District Court fund (unless he has already been reimbursed the maximum allowable amount).

The second category of costs Plaintiff seeks appears to be for attorney's fees. Although Rehabilitation Act, under 29 U.S.C. § 794a(b), allows the Court to assess "a reasonable attorney's fee as part of the costs" to a prevailing party, because Plaintiff has filed a Motion for Approval of Reasonable Attorney's Fees and Costs (Doc. 282), the Court will deal with the matter in a separate order. As such, the Court declines to tax Plaintiff's attorney's fees at this juncture.

### III.  Conclusion

For the reasons stated above, the Court **SUSTAINS** IDOC's objections (Doc. 293) and as such **DENIES** any taxation of costs pursuant to Plaintiff's Bill of Costs (Doc. 281), but advises Plaintiff's counsel to seek reimbursement for his out-of-pocket expenses, as his is a *pro bono* appointment, pursuant to the Plan for the Administration of the District Court Fund, if possible.

**IT IS SO ORDERED**.

Signed this 27th day of September, 2010.


/s/     David R Herndon

**Chief Judge**
**United States District Court**